UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SISKIYOU, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-01375 CKD<br><br>ORDER |

　　　Plaintiff filed this civil rights action on May 10, 2024, alleging child abuse by a foster and adoptive parent. (ECF No. 1.) Plaintiff has filed a motion to proceed by the pseudonym "A.G." in place of her true and correct name. (ECF No. 2.) For the reasons below, plaintiff's *ex parte* motion to proceed by pseudonym is GRANTED, subject to reconsideration when defendants appear in this action.

I.　　Legal Standard

　　　While the presumption in litigation is that parties must use their real names, courts permit parties to proceed anonymously when special circumstances justify secrecy.[1] *Does I thru XXIII v.*

---

[1] This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. *Doe #3 v. California*, 2023 WL 3996476, at *1 (E.D. Cal. June 14, 2023) (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010)).

1  *Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth Circuit has held a party
2  may proceed with a pseudonym "in the 'unusual case' when nondisclosure of the party's identity
3  'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'"
4  *Id.* at 1067-68 (quotation and citation omitted). "[A] party may preserve his or her anonymity in
5  judicial proceedings in special circumstances when the party's need for anonymity outweighs
6  prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at
7  1068. "Courts have generally permitted plaintiffs to proceed anonymously when their claims
8  involved allegations of sexual assault or rape." *Doe v. Rose*, 2016 WL 9137645, at *1 (C.D. Cal.
9  June 17, 2016) (collecting cases).

10     II.     Discussion

11        Plaintiff requests to proceed by the pseudonym "A.G." in place of her true and correct
12  name because this action involves allegations of child sexual abuse and assault while in foster
13  care. (ECF No. 2 at 1.) (*See e.g.,* ECF No. 1 at ¶ 18, "During Plaintiff's time at the Gottlieb
14  household, beginning at about age 5, Plaintiff was physically and sexually assaulted/abused by
15  Shane Gottlieb as defined by the Penal Code.")  Due to the highly sensitive and personal nature of
16  the child sexual abuse and assault issues raised in the complaint, plaintiff states disclosure of her
17  identity would raise serious risk of physiological and emotional harm. (*Id.* at 2.)  Plaintiff
18  indicates her identity will be disclosed to Defendants during this litigation, including during pre-
19  trial discovery. (*Id.*)
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

2

At this stage of the proceedings, the Court finds good cause to grant the *ex parte* motion based on the allegations at issue. *Doe*, *supra*, 2016 WL 9137645, at *1. The Court finds that the need for anonymity in this case outweighs countervailing considerations at this time. The Court will reconsider the issue should defendants object once they have appeared in this action. *See Jane Doe #2 v. State of California, et al.*, 2023 WL 3956475, at *2 (E.D. Cal. June 12, 2023).

### ORDER

Accordingly, it is HEREBY ORDERED that plaintiff's *ex parte* motion to proceed by pseudonym (ECF No. 2) is GRANTED, subject to reconsideration once defendants have appeared in this action.

Dated: May 20, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, ag1375.24