1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   A.G.,                                    No. 2:24-cv-01375-DJC-CKD

12              Plaintiff,

13        v.                                   **<u>ORDER</u>**

14   COUNTY OF SISKIYOU, et al.,

15              Defendants.

16

17        As a child, Plaintiff A.G. and her siblings were removed from her biological

18   parents.  Plaintiff and her siblings were placed in foster care and later adopted by their

19   foster family.  Plaintiff and her siblings were allegedly subject to sexual, physical, and

20   emotional abuse in that household.  Plaintiff is now proceeding with this action against

21   Defendants County of Siskiyou, Jennifer Moody, and Children First Foster Agency

22   based on allegations that Defendants violated Plaintiff's civil rights and acted

23   negligently in failing to ensure Plaintiff's safety in Plaintiff's foster home.

24        County Defendants (Defendant County of Siskiyou and Defendant Moody) seek

25   to dismiss Plaintiff's claims under 42 U.S.C. § 1983 as time-barred and Plaintiff's *Monell*

26   claims fail as a matter of law.  (Mot. (ECF No. 13-1).)  County Defendants also argue

27   that the Court should decline supplemental jurisdiction and strike Plaintiff's request for

28   punitive damages against Defendant County of Siskiyou.  (*Id.*)

                                              1

1    For the reasons stated below, the Court grants Defendants' Motion to Dismiss

2  Plaintiff's Section 1983 claims with leave to amend and grants Defendants' Motion to

3  Strike.  As leave to amend will be granted, the Court denies as moot Defendants'

4  request for the Court to decline to exercise supplemental jurisdiction.

5    **I.    Legal Standard**

6    A party may move to dismiss for "failure to state a claim upon which relief can

7  be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted if the complaint

8  lacks a "cognizable legal theory" or if its factual allegations do not support a

9  cognizable legal theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th

10  Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

11  The Court assumes all factual allegations are true and construes "them in the light

12  most favorable to the nonmoving party."  *Steinle v. City and Cnty. of San Francisco*,

13  919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51

14  F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's allegations do not "plausibly give

15  rise to an entitlement to relief," the motion must be granted.  *Ashcroft v. Iqbal*, 556

16  U.S. 662, 679 (2009).

17    A complaint need contain only a "short and plain statement of the claim

18  showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed

19  factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule

20  demands more than unadorned accusations; "sufficient factual matter" must make the

21  claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or

22  formulaic recitations of elements do not alone suffice.  *Id.* (citing *Twombly*, 550 U.S. at

23  555).  This evaluation of plausibility is a context-specific task drawing on "judicial

24  experience and common sense."  *Id.* at 679.

25  ////

26  ////

27  ////

28  ////

2

## II. Discussion

### A. Timeliness of Plaintiff's Section 1983 Claims

#### 1. Applicable Statute of Limitations

Plaintiff's section 1983 claims are subject to a two-year statute of limitations. The Supreme Court has clearly instructed that when there are multiple statutes of limitations, courts "should borrow the general or residual statute for personal injury actions . . ." as the applicable statute of limitations for section 1983 actions. *Owens v. Okure*, 488 U.S. 235 (1989). Based on this, for claims arising in California, courts consistently apply California's two-year statute of limitations found in Code of Civil Procedure section 335.1. Accordingly, Plaintiff's section 1983 claims are subject to a two-year statute of limitations under Code of Civil Procedure section 335.1. The abuse underlying Plaintiff's claims allegedly occurred between 2005 and 2014. (Compl. (ECF No. 1) ¶¶ 15–16.) The present action was initially filed on May 10, 2024. (*See* Compl.) If Plaintiff's claims accrued in 2014 and were not tolled, the statute of limitations would have run at some time in 2016 and the Complaint would be untimely. Thus, to proceed on these claims, Plaintiff must either establish that her claims accrued at a later date and/or that those claims were tolled.

#### 2. Date of Accrual

While Plaintiff's section 1983 claims are subject to a two-year statute of limitation, that limitation period runs from the date of accrual. When a section 1983 claim accrues is "a matter of federal law, 'governed by federal rules conforming in general to common-law tort principles.'" *Gregg v. Hawaii, Dept. of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). Accrual of section 1983 claims is thus dictated by the "discovery rule" which determines a claim has accrued "when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Id.* This does not mean that a plaintiff must be aware of the full extent of the injuries for accrual to occur and a plaintiff must still be "diligent in discovering the

1    critical facts." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir.
2    1999).

3         When exactly a plaintiff's claims accrued is generally a question of fact. *Polar*
4    *Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004). Plaintiff argues that
5    County Defendants' Motion should be denied as her Complaint does not, on its face,
6    show that Plaintiff's claims had already accrued and fully run by the time of filing.
7    However, Plaintiff's Complaint lacks <u>any</u> information from which a date of accrual
8    could be determined. A plaintiff must allege facts that support that a complaint is
9    timely filed. *See Chestra v. Davis*, 747 Fed. Appx. 626, 627 (9th Cir. 2019) (citing
10   *Gregg*, 870 F.3d at 887). This necessarily requires that Plaintiff plead facts that
11   support a date of accrual that establishes the complaint is timely filed.

12        Given Plaintiff has not included any factual allegations in this regard, County
13   Defendants' Motion to Dismiss will be granted. Plaintiff will be given leave to amend
14   as it is not apparent at this stage that amendment would be futile.

15                    **3. Tolling**

16        Though Plaintiff has not alleged any facts that would support delayed accrual,
17   the Court applies state tolling rules to the extent they are consistent with the
18   Constitution and laws of the United States. *Chardon v. Fumero Soto*, 462 U.S. 650,
19   651 (1983). Plaintiff argues that her claims are tolled under Code of Civil Procedure
20   section 340.1 and Insurance Code section 11583.

21                **i.  Insurance Code Section 11583**

22        Plaintiff does not allege sufficient facts to support the applicability of Insurance
23   Code section 11583. This statute only tolls the running of a limitations period where
24   the recipient of advance or partial payment for damages has not been notified of the
25   relevant statute of limitations period for any claims the recipient may have. *See* Cal.
26   Ins. Code § 11583. Plaintiff has not alleged that she received an advance or partial
27   payment, thus this tolling statute does not apply. (*See* Compl.)
28   ////

                                        4

1

### ii.  Code of Civil Procedure Section 340.1

2      Until January 1, 2024, Code of Civil Procedure section 340.1 contained both

3  statute of limitations provisions and tolling provisions.  The version of section 340.1

4  that was in effect between 2003 and 2018 as well as the version in effect in 2019[1]

5  provided in Subsection (a):

6
> In an action for recovery of damages suffered as a result of
7  childhood sexual abuse, the time for commencement of
   the action shall be within eight years of the date the
8  plaintiff attains the age of majority or within three years of
   the date the plaintiff discovers or reasonably should have
9  discovered that psychological injury or illness occurring
   after the age of majority was caused by the sexual abuse,
10 whichever period expires later, for any of the following
   actions:
11
> (1) An action against any person for committing an act
12      of childhood sexual abuse.
> (2) An action for liability against any person or entity
13      who owed a duty of care to the plaintiff, where a
        wrongful or negligent act by that person or entity
14      was a legal cause of the childhood sexual abuse
        which resulted in the injury to the plaintiff.
15
> (3) An action for liability against any person or entity
16      where an intentional act by that person or entity was
        a legal cause of the childhood sexual abuse which
17      resulted in the injury to the plaintiff.
18

19  Cal. Civ. Proc. Code § 340.1 (2018); *see* Cal. Civ. Proc. Code § 340.1 (2019).

20      As discussed by the California Supreme Court in *Rubenstein v. Doe No. 1*, 3 Cal.

21  5th 903 (2017), this subsection (a) provision, as it existed at that time, provided <u>both</u> a

22  limitation period for claims based on childhood sexual abuse <u>and</u> a basis for tolling

23  such claims.  This version of Section 340.1 <u>tolls</u> a plaintiff's claims until they reach the

24

25  [1] The Complaint does not contain a specific statement of Plaintiff's birth date but states she was 24 years old at the time of filing.  This would put either the 2003–2018 version or the 2019 version of Section 340.1 as the version in effect at the time Plaintiff reached 18 years old.  Subsection (a) of both the 2018 and 2019 versions is identical though, so the distinction between the versions is not meaningful.  While several different versions of Section 340.1 were enacted in the intervening years between 2018/2019 and the date of filing, the tolling portions of Section 340.1 remained the same across these versions except for the version enacted this year (2024).  As such, it is unimportant at this stage, to distinguish between these different versions of Section 340.1.

26

27

28

1  date of majority or until the plaintiff "discovers or reasonably should have discovered

2  that psychological injury or illness" after the date of majority.  Cal. Civ. Proc. Code

3  § 340.1 (2018); *see Quarry v. Doe I*, 53 Cal. 4th 945, 981 (2012) (stating that Section

4  340.1 "recognize[d] that a delayed awareness that adult psychological injury was

5  caused by childhood abuse would justify tolling the limitations period for the

6  underlying claim against the perpetrator.")  The 2018 and 2019 versions of Section

7  340.1 also apply a statute of limitations of eight years or three years, depending on

8  how the claim accrued.  *See Rubenstein*, 3 Cal. 5th at 909 n.1 (describing the eight

9  and three year periods for commencement of an action as a limitation period).  Thus,

10  section 340.1, as it was in effect at that time Plaintiff became 18 years old, contained

11  both a statutory tolling provision and a statute of limitations.[2]

12      As discussed, in a section 1983 action the Court only applies the general two-

13  year statute of limitations for personal injury actions.  However, the Court does apply

14  state tolling provisions, provided they are consistent with the Constitution and federal

15  law.  *Harding v. Galceran,* 889 F.2d 906, 907 (9th Cir. 1989).  Defendants argue that no

16  court has applied Code of Civil Procedure section 340.1 as a tolling statute for section

17  1983 claims.  This appears to be true[3], but it is not immediately apparent that the

---

18  [2] The Court notes that a new version of section 340.1 was enacted on January 1, 2024.  This is the

19  presently operative version of section 340.1.  Unlike prior version, this current version does not contain
   the tolling provisions that were previously present.  Instead, it simply states that "there is no time limit

20  for the commencement of any action for recovery of damages suffered as a result of childhood sexual
   assault . . . ."  Cal. Civ. Proc. Code § 340.1 (2024).  However, even if the removal of the tolling language

21  applies to Plaintiff and ceased the tolling of her action, it would not affect Plaintiff's claims given she has
   brought these claims within the two-year limitation period.  Thus, the Court need not address how to

22  handle the fact that the 2024 version of section 340.1 appears to only function as a statute of limitations.

23  [3] One district court rejected application of section 340.1 as a *statute of limitations* for section 1983
   claims and thus found this to be inapplicable under *Owens*.  *Dutro v. County of Contra Costa*, No. 12-cv-

24  02972-NC, 2013 WL 5444431, at *3 (N.D. Cal. Sept. 30, 2013).  However, that decision does not
   address the tolling portion of Section 340.1.  Additionally, the district court appears to rely heavily on

25  the fact that the Supreme Court in *Owens* cited Code of Civil Procedure section 340.1 in a
   "nonexhaustive list" of states with multiple statutes of limitations.  But the district court failed to

26  recognize that the version of section 340.1 cited by *Owens* is from 1989.  This version is substantially
   different in form from the more recent incarnations of section 340.1 and serves only a vaguely similar

27  function in setting the statute of limitations for "actions based on incestuous relationship with a minor[.]"
   *Owens*, 488 U.S. at 244 n.8; *see* Cal. Civ. Proc. Code § 340.1 (1989).  As such, *Dutro* is not helpful or

28  applicable to any question presently before the Court.

1   tolling provisions of section 340.1 would be inconsistent with the Constitution or the
2   laws of the United States and thus, they may properly apply.

3        This point is ultimately irrelevant though.  It is already undisputed by the parties
4   that Plaintiff's claims would be tolled until she reached the age of majority under a
5   separate provision of the California Code of Civil Procedure, section 352.  (*See* Mot. at
6   4; Opp'n at 4.)  As a result, the portion of section 340.1 that would toll Plaintiff's claims
7   until she was 18 would have no distinct effect.  The second tolling provision – tolling
8   Plaintiff's claims until they discover or reasonably should have discovered a
9   psychological injury or illness caused by sexual abuse – seems to have substantial
10  overlap with the "discovery rule" discussed above, *see supra* I.B.  The same lack of
11  factual allegations supporting a later accrual date under the discovery rule also
12  renders this tolling provision of section 340.1 presently inapplicable.

13       Given the above, neither of the bases for tolling that Plaintiff has identified
14  apply under the factual allegations in the Complaint and thus the Court will grant
15  County Defendants' motion on this basis.

16       **B.  Adequacy of Plaintiff's *Monell* Claims**

17       Given the Court has already determined that Plaintiff's Complaint must be
18  dismissed with leave to amend, the Court need not reach the adequacy of Plaintiff's
19  *Monell* claims as challenged by County Defendant.  Even so, the Court will briefly
20  address the arguments raised for the efficiency of the parties and the Court.

21       In order to state a claim against Defendant County of Siskiyou, Plaintiff must
22  allege facts that support that the violation of Plaintiff's constitutional rights was
23  pursuant to a policy, practice, or custom of the County.  *A.E. ex rel. Hernandez v.*
24  *County of Tulare*, 666 F.3d 631, 636 (2012); *see Monell v. Dep't of Soc. Servs.*, 436 U.S.
25  658, 691 (1978).  In her complaint, Plaintiff lists Defendant County of Siskiyou as a
26  defendant to each of her Section 1983 claims (Compl. at 5–11), including one
27  expressly for "*Monell*–related claims" wherein Plaintiff includes specific allegations

28

1   about the County's policies and practices (Compl. ¶¶ 38).  The other section 1983

2   claims contain no such allegations.

3          The current formulation of the Complaint is unclear as to the policy, custom, or

4   practice of Defendant County of Siskiyou that was the moving force behind each

5   constitutional violations Plaintiff allegedly suffered.  *See A.E.*, 666 F.3d at 636.  Plaintiff

6   included the County as a defendant to multiple Section 1983 causes of action without

7   addressing relevant the policies, customs, and practices that form the basis for the

8   claimed constitutional violation.  (Compl. at 5–9.)  Plaintiff also includes a separate

9   specific *Monell* cause of action that contains several allegations about the County's

10  policies, customs, and practices but fails to identify what specific constitutional

11  violations were caused by these policies, customs, and practices.  (Compl. ¶ 38.)

12         In opposing the present motion, Plaintiff appears to suggest that *Monell*'s

13  requirements only apply to section 1983 causes of action specifically brought as

14  *Monell* claims and not to other causes of action, such as "*Tamas* claims" as described

15  in *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833 (9th Cir. 2010).  This is

16  incorrect.  The requirements for municipal liability described in *Monell* apply to <u>all</u>

17  claims brought against municipalities under section 1983, including *Tamas* claims for

18  failure to adequately protect a foster child's liberty interest in social worker

19  supervision and protection from harm inflicted by a foster parent.  *See A.E.*, 666 F.3d

20  at 636 (stating in connection with *Tamas* claims that "plaintiffs [in Section 1983 suits

21  against local governments alleging constitutional rights violations] must establish that

22  the local government had a deliberate policy, custom, or practice that was the moving

23  force behind the constitutional violation [they] suffered." (internal quotation marks and

24  citations omitted)); *see also Henry A. v. Willden*, 678 F.3d 991, 999 n.5 (2012)

25  (applying the requirements for municipal liability under *Monell* to a case involving

26  *Tamas* claims).

27         In the amended Complaint, Plaintiff must clearly identify claims against County

28  Defendants and ensure that each of those claims complies with the requirements to

8

1  allege municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658,

2  691 (1978).[4]

3  **C.  Supplemental Jurisdiction over State Law Claims**

4  In their motion, Defendants request that the Court decline to exercise

5  supplemental jurisdiction over Plaintiff's state law claims on the basis that Plaintiff's

6  federal claims "fail as a matter of law."  (Mot. at 5.)  Given that the Court will grant

7  Plaintiff leave to amend her claims, Plaintiff's request for the Court to decline

8  supplemental jurisdiction is denied as moot without prejudice as Plaintiff may be able

9  to state federal claims.

10  **D.  Motion to Strike Request for Punitive Damages Against Defendant**

11  **County of Siskiyou**

12  The parties agree that Plaintiff's request for punitive damages against

13  Defendant County of Siskiyou should be stricken.  Accordingly, County Defendants'

14  Motion is granted on this ground.

15  **III.  Conclusion**

16  In accordance with the above, IT IS HEREBY ORDERED that:

17  1. County Defendants' Motion to Dismiss (ECF No. 13) is GRANTED IN PART

18  and DENIED AS MOOT IN PART as follows:

19  a. Defendants' Motion to Dismiss Plaintiff's claims under 42 U.S.C.

20  § 1983 for failure to adequately allege facts establishing the

21  Complaint is timely filed and for failure to adequately allege facts

22  supporting Plaintiff's claims against municipal defendants is

23  GRANTED;

24

25

---

26  [4] This is not to suggest that Plaintiff cannot state "*Monell*-related" causes of action separately, should
she so choose.  The Court simply means to reinforce that any cause of action brought against a

27  municipal entity must meet the requirement that any claim that such an entity violated Plaintiff's
constitutional rights properly identify the policy, practice, or custom that was the moving force behind

28  that constitutional violation.  *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007).

b. Defendants' request that the Court decline supplemental jurisdiction over Plaintiff's state law claims is DENIED AS MOOT without prejudice; and

c. Defendants' unopposed request to strike Plaintiff's request for punitive damages against Defendant County of Siskiyou is GRANTED.

2. Plaintiff will be given leave to amend.  Within twenty-one (21) days of this order, Plaintiff shall file a first amended complaint.

IT IS SO ORDERED.

Dated:   **November 4, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – AG24cv01375.MTD